# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 85382-1-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| SHAWN MICHAEL STIMPSON, | |
| Appellant. | |

FELDMAN, J. — Shawn Stimpson appeals his conviction of fourth degree assault. He argues on appeal that (a) the trial court violated his constitutional right to present a defense by excluding an investigating detective's comment that, "in other circumstances," she and the victim "might be friends," and (b) the Victim Penalty Assessment (VPA) should be stricken from the judgment and sentence. We remand for the trial court to strike the VPA, but affirm in all other respects.

I

On August 22, 2022, Stimpson choked his ex-wife, Sarah Baileigh, in the garage of their home where they lived with their four children. Baileigh and her son called 911, and police arrived and arrested Stimpson. On August 26, 2022, Stimpson was charged with second-degree assault. A few weeks later, King County Sheriff's Detective Christy Marsalisi visited Baileigh at her house to conduct a follow-up investigation. There,

Marsalisi spoke to Baileigh for approximately two hours and recorded a portion of the conversation. Marsalisi later commented in an interview with defense counsel that "in other circumstances [she and Baileigh] might be friends."

At trial, Stimpson asked Marsalisi about her prior statement regarding Baileigh. The State objected on relevance grounds, and Stimpson's attorney responded, "I think you go to the rapport built between Detective Marsalisi and Ms. Baileigh, and I think that's important for the jurors to hear about." The trial court sustained the State's objection at sidebar and later memorialized her ruling as follows: "I didn't find that it was relevant, nor were there enough indicia to use it to suggest that somehow that affected her impartiality in performing her duties, and so I sustained the objection by the government." At the close of trial, the court instructed the jury on the crime of second-degree assault as well as the lesser included offense of fourth-degree assault, and the jury convicted Stimson of the lesser offense.

Stimpson appeals.

II

Stimpson argues the trial court violated his constitutional right to present a defense by excluding Marsalisi's statement that "in other circumstances [she and Baileigh] might be friends." We disagree.

"'A criminal defendant's right to present a defense is guaranteed by both the federal and state constitutions.'" *State v. Butler*, 200 Wn.2d 695, 713, 521 P.3d 931 (2022) (quoting *State v. Jennings*, 199 Wn.2d 53, 63, 502 P.3d 1255 (2022)). We apply a two-step analysis to determine whether the exclusion of evidence violates that right. *State v. Arndt*, 194 Wn.2d 784, 797-98, 453 P.3d 696 (2019). In step one, we

review the evidentiary ruling for abuse of discretion. *Id*. at 797. In step two, we consider de novo whether the ruling deprived the defendant of their constitutional right to present a defense. *Id*. at 797-98. "'A trial court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons.'" *Id.* at 799 (quoting *State v. Lord*, 161 Wn.2d 276, 283-84, 165 P.3d 1251 (2007)).

Regarding step one, the trial court excluded Marsalisi's statement regarding Baileigh because, "I didn't find that it was relevant, nor were there enough indicia to use it to suggest that somehow that affected her impartiality in performing her duties, and so I sustained the objection by the government." ER 402 states in relevant part that "[e]vidence which is not relevant is not admissible." The detective's comment that "in other circumstances [she and Baileigh] might be friends" is noncommittal, imprecise, and conditional. While Marsalisi and Baileigh "might be friends" in other circumstances, that clearly did not occur. At bottom, there is no indication—nor is there any basis to conclude—that Marsalisi's purported feelings regarding Baileigh affected her impartiality or had any impact on the nature and extent of her investigation, including the performance of her professional duties in interviewing Baileigh and collecting her medical records. While relevance is a low bar, we cannot say that the trial court's decision is manifestly unreasonable. Accordingly, Stimpson fails to establish that the trial court abused its discretion in excluding Marsalisi's prior statement regarding Baileigh.

Regarding step two, Stimpson also fails to show that this single evidentiary ruling violated his constitutional right to present a defense. The second step is not "merely a repetition of the analysis undertaken at step one." *State v. Ritchie*, 24 Wn. App. 2d 618, 629, 520 P.3d 1105 (2022). "[P]hrasing an evidentiary ruling as a constitutional claim"

does not allow "for an end run around the Rules of Evidence." *Id.* Instead, the "right to present a defense" is concerned with "whether there is a unique or aberrant rule that results in the defendant having a lesser Sixth Amendment right than that possessed by citizens in other jurisdictions or persons charged with a different crime in the same jurisdiction." *Id*.

Our Supreme Court's opinion in *Arndt* is instructive here. In *Arndt*, a defendant charged with arson sought to admit testimony of a certified arson investigator, Dale Mann, that the cause of the fire was "undetermined." 194 Wn.2d at 792-96. Due to purported deficiencies in Mann's investigation, the trial court excluded his opinion testimony. *Id.* at 796. On review, the Supreme Court held that the exclusion of Mann's testimony did not deprive the defendant of her constitutional right to present a defense because (a) the "proffered evidence was not excluded entirely and Mann was able to testify at length for the defense," and (b) the defendant "was able to present relevant evidence supporting her central defense theory" despite the limitations on Mann's testimony. *Id.* at 813-14.

Our recent opinion in *Ritchie* is also instructive here. We explained in *Ritchie* that the "pertinent concern" when evaluating a defendant's right to present a defense is "whether both parties receive a fair trial." 24 Wn. App. 2d at 634 (citing *State v. Darden*, 145 Wn.2d 612, 622, 41 P.3d 1189 (2002)). We noted that this concern "is heightened when a new or antiquated rule appears to threaten the defendant's right to a fair trial." *Id*. But when the rule being applied is a "well-established, commonly utilized rule that has been applied time and again without any demonstrated detriment to the fairness of proceedings," the concern is not paramount. *Id*. We also held that "'[t]he ability of the defendant to achieve through other means the effect that the excluded examination

4

allegedly would have produced is a factor indicating that [the defendant's] right to'" present a defense is not violated. *Id*. at 635 (quoting *United States v. Drapeau*, 414 F.3d 869, 875 (8th Cir. 2005)). We ultimately held that the trial court's evidentiary ruling, which "was nothing more than a standard application of ER 403," did not violate Ritchie's constitutional right to present a defense. *Id.* at 638.

Here, as in *Arndt* and *Ritchie*, Stimpson was able to present evidence supporting his central defense theory. Stimpson had ample opportunity to cross-examine Marsalisi at length about the nature of her investigation to highlight any deficiencies with her methods. Specifically, the defense elicited that she did not go into the garage where the assault took place, did not take photos, and did not speak with any of the children. This testimony shows that Stimpson was able to achieve through other means (direct evidence) the effect that the excluded examination allegedly would have produced (that Marsalisi allegedly failed to conduct a thorough investigation due to personal bias toward the victim). As in *Arndt* and *Ritchie*, the trial court's evidentiary ruling, which was nothing more than a standard application of ER 402, did not violate Stimpson's constitutional right to present a defense.

For similar reasons, Stimpson's reliance on *State v. Jones*, 168 Wn.2d 713, 230 P.3d 576 (2010), is misplaced. In *Jones*, the defendant had been charged with sexual assault, and he sought to introduce evidence of an "all-night drug-induced sex party" to show consent. *Id.* at 717, 721. The trial court ruled this evidence was barred by the rape shield statute, so the defendant could not effectively assert this defense or cross-examine the victim on this issue. *Id*. at 717-18. On review, our Supreme Court ruled the excluded testimony was of "extremely high probative value; it [was the defendant's] entire defense."

*Id*. at 721. The court concluded "no State interest can possibly be compelling enough to preclude the introduction of evidence of high probative value." *Id*. at 721. Accordingly, the defendant was able to show that his constitutional right to present a defense was violated. Here, in contrast, the excluded evidence had no probative value and was not Stimpson's "entire defense." On this record, *Jones* is inapposite.

III

Lastly, Stimson argues that remand to the trial court is necessary to strike the $500 VPA from his judgment and sentence. Stimson contends that recent amendments to RCW 7.68.035 provide that the VPA shall not be imposed against a defendant who is indigent at the time of sentencing. LAWS OF 2023, ch. 449, § 1. The State does not dispute that Stimson is indigent and does not object to a remand for purposes of striking the VPA. We accept the State's concession and, accordingly, remand to the trial court to strike the VPA.

In all other respects, we affirm.

Feldman, J.

WE CONCUR:

Coburn, J.          Mann, J.

6